# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC RITCHEY,<br><br>        Plaintiff,<br><br>   v.<br><br>M.T.A. RUNNELS, et. al.,<br><br>        Defendants.<br>_____/ | CV F 03 6381 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (Doc. 1, 12.) |

Marc Ritchey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 6, 2003. On March 4, 2004, the Court dismissed the Complaint with leave to amend. Plaintiff filed an Amended Complaint on March 31, 2004.

**A. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison, where Plaintiff is presently incarcerated. Plaintiff names A. Runnels, a Medical Technical Assistant, and Griffith, a Registered Nurse, as Defendants. Plaintiff is seeking money damages and injunctions prohibiting staff from harassing or injuring Plaintiff and from transferring Plaintiff while this action is pending.

Plaintiff was informed in the prior Order dismissing with leave to amend that the injunctive relief he sought was unavailable. Despite being informed of this, Plaintiff includes as his relief, injunctive relief to prevent prison officials from harassing or transferring him until this action is completed. Again, the Court cannot issue an injunction prohibiting speculative, future harm, City of Los Angeles v. Lyons, 461 U.S. 95 (1983), and the Court cannot issue an injunction that, rather than bearing relation to the harm alleged in the action, serves to assist Plaintiff in litigating the action.

In his Amended Complaint, Plaintiff alleges that on August 9, 2003, he was lying on his cell floor feverish, nauseous, dizzy, weak, and out of breath. Plaintiff alleges that he had also

vomited. Plaintiff alleges that when Defendant Runnels approached his cell to deliver daily medication, he told her he was feeling extremely ill. Defendant Runnels then asked Plaintiff why he was lying on the floor when Plaintiff responded that he wasn't feeling well. Defendant Runnels responded that when Plaintiff got cold, he would get off the floor and back into his bunk. Defendant Runnels then proceeded without giving him his medication. Another inmate then began yelling that there was a man down. An Officer activated his emergency alarm, at which time several correctional staff members, including Defendant Griffith responded. As Griffith approached, Defendant Runnels intercepted her and told her to tell them "he's alright." Defendant Griffith said "ok" and then checked his blood pressure and remarked that there was nothing wrong with Plaintiff so he could be returned to his cell. An unidentified Sergeant allowed another inmate to assist Plaintiff to his cell after Plaintiff told the Sergeant he was too weak to make it.

Plaintiff states that he remained in his cell for three days before he was taken to Coalinga Regional Medical Center, where he was diagnosed with Valley fever. Plaintiff remained at the hospital for four days. Upon his return, Plaintiff received a Rules Violation Report (RVR) from Defendant Runnels for delaying medical duties and planning to lie on the floor to get medical attention. Plaintiff alleges that defendant falsely stated in the RVR that Plaintiff's cellmate and neighbors told her Plaintiff planned to lie on the floor.

Plaintiff alleges that defendants Runnels and Griffith conspired to violate his rights under the Eighth Amendment by acting with deliberate indifference to Plaintiff's serious medical needs. In addition, Plaintiff claims his Due Process rights were violated and that Defendant Runnels violated the California Code of Regulations.

**C. ANALYSIS**

*1. Deliberate Indifference*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

3

objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

It is somewhat unclear how Plaintiff arrives at the conclusion that Defendants were deliberately indifferent.  Plaintiff concedes that RN Griffith examined him following the episode where he lay on the floor, weak and feverish and when an inmate yelled "man down."  To the extent that Plaintiff disagrees with Defendants Runnels and Griffith's conclusion that there was nothing wrong with Plaintiff, the mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In addition, to the extent Plaintiff is alleging deliberate indifference because a delay of three days occurred between the time he was first examined by Defendant Griffith and he was seen by the clinic, the "mere delay of [medical treatment], without more, is insufficient to state a claim of

deliberate medical indifference." Shapley v. Nevada Bd. of State of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).  Plaintiff does not establish any serious injury that occurred as a result of the delay.

Based on the above, the Court finds the Amended Complaint fails to state a cognizable claim for deliberate indifference against any of the named defendants.

### *2. Conspiracy*

In order to maintain a conspiracy claim under § 1983, the Plaintiff must demonstrate some deprivation of a constitutional right which resulted from the alleged conspiracy. Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir.1989); Brennen v. Hendrigan, 888 F.2d 189, 195 (1st Cir.1989).  In addition, to establish a conspiracy, Plaintiff must show an agreement or a meeting of the minds to violate his Constitutional rights.  Woodrum, 866 F.2d at 1126; Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983).  While it is not necessary to prove that each participant in a conspiracy know the exact parameters of the plan, they must at least share the general conspiratorial objective. Id.  Finally, vague and conclusory allegations with no supporting factual averments are insufficient to withstand an adequately supported motion for summary judgment. Woodrum, 866 F.2d at 1126; Fonda, 707 F.2d at 438; Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983).

In this case, Plaintiff fails show any deprivation of a constitutional right resulting from the alleged conspiracy between Defendants Runnels and Griffith.  Even were Plaintiff able to show that Defendants were deliberately indifferent to his medical needs, he fails to demonstrate that the Defendants entered into an agreement for the purpose of ensuring that Plaintiff's rights right to medical care were violated.  That one defendant told another to tell Correctional Officer's that there was nothing wrong with Plaintiff is insufficient to meet this requirement.  Accordingly, the Court finds that Plaintiff's conspiracy claim under 42 U.S.C. § 1983 must be dismissed.

### *3. Due Process*

Plaintiff next alleges that his Due Process rights were violated because Defendant Runnels allegedly falsified a Rules Violation Report.

A prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied,* 485 U.S. 982 (1988). As long as an inmate is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under 42 U.S.C. § 1983. Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

In this case, Plaintiff does not allege he was denied procedural due process at the disciplinary hearing on the alleged false charges. Accordingly, the Due Process claim is without merit and must be DISMISSED.

### *4. State Law Claims*

Plaintiff also alleges that Defendant Runnels' false statements in the Rules Violation Report violated the California Code of Regulations.

As in the prior Order dismissing with leave to amend, Plaintiff was informed that with respect to violation of the California Code of Regulations, the existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 and again, Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff fails to state any claims upon which relief may be granted based on the violation of Title 15 regulations.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

1  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
2  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
3  Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
4  of this Report and Recommendation, any party may file written objections with the Court and
5  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
6  Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
7  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
8  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

9       The parties are advised that failure to file objections within the specified time may waive
10 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
11 1991).

13 IT IS SO ORDERED.

14 **Dated:   May 9, 2005**                                   **/s/ Lawrence J. O'Neill**
    b9ed48                                              UNITED STATES MAGISTRATE JUDGE